**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| **LEONA POWELL** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. CBD-15-3193** |
| ) | |
| **CAROLYN W. COLVIN** ) | |
| ) | |
| **Acting Commissioner,** ) | |
| **Social Security Administration** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

Leona Powell ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner").  The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 15) and Commissioner's Motion for Summary Judgment ("Commissioner's Motion") (ECF No. 16).  The Court has reviewed the motions, related memoranda, and the applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court hereby **REVERSES** and **REMANDS** the matter for further clarification.

### I.      Procedural Background

On April 20, 2006, Plaintiff filed for SSI, alleging disability beginning March 1, 2005.  R. 130.  An administrative hearing was held on March 31, 2008, R. 42-67, and on April 25, 2008,

the claim was denied.  R. 127.  Plaintiff sought review by the Appeals Council, which concluded

on November 18, 2008, that there was no basis for granting the Request for Review.  R. 137.

Plaintiff did not appeal this decision.

On February 18, 2011, Plaintiff again filed an application for SSI, as well as an

application for Disability Insurance Benefits ("DIB").  R. 141; 275-85.  Plaintiff alleged

disability due to "lower back problem" and blindness in her left eye.  R. 317.  A hearing was held

on her disability claim on October 25, 2012.  R. 68.  By decision issued on January 22, 2013,

Plaintiff was again denied benefits.  R. 161-71.  She subsequently requested the Appeals Council

to review the decision of the ALJ, and on March 25, 2014, the Appeals Council granted

Plaintiff's Request for Review and remanded the case for further proceedings.  R.176-79.

On September 29, 2014, a supplemental hearing was held, after which, on November 28,

2014, the ALJ again denied Plaintiff's claims.  R. 97-126; 14-18.  After seeking review by the

Appeals Council, the Appeals Council concluded on August 18, 2015, that there was no basis for

granting Plaintiff's Request for Review.  R. 1-3.

## II.      Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the

ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2015).

The Court must affirm the ALJ's decision if it is supported by substantial evidence and the

ALJ applied the correct law.  *Id.* ("The findings of the Commissioner of Social Security as

to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v.*

*Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907

F.2d 1453, 1456 (4th Cir. 1990)).  Substantial evidence is "more than a mere scintilla."  *Id.*

"It means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted).  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Id.* (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Court shall find a person legally disabled under Title II and Title XVI if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).  The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012).  If he is doing such activity, he is not disabled.  If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of

impairments that is severe and meets the duration requirement." 20 C.F.R.
§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or
combination of impairments, he is not disabled. If he does meet these requirements,
proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the
C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20
C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such
impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to
perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012).
If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age,
education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v)
(2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that he is disabled at steps one through four, and

Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Pass v. Chater*,

65 F.3d 1200, 1203 (4th Cir. 1995) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

The RFC is an assessment that represents the most a claimant can still do despite any

physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-

(c), 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of

[the] claimant's impairments and any related symptoms. *See id.* The ALJ must present a

"narrative discussion describing how the evidence supports each conclusion, citing specific

medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities,

observations)," and must then "explain how any material inconsistencies or ambiguities in the

evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7

(S.S.A.); *Barton v. Astrue*, 495 F. Supp. 2d 504, 510 (D. Md. 2007). "Ultimately, it is the duty

of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact

and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d

597, 599 (4th Cir. 1979)).

### III.   Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process.  R.

23-32.  At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful

activity since November 1, 2008.  R. 23.  Although evidence indicates that Plaintiff earned

$6,504.04 in 2008, the ALJ explained that this amount does not rise to the level of substantial

gainful activity.  *Id.*  At step two, under 20 C.F.R. §§ 404.1520(c) and 416.920(c), the ALJ

determined that Plaintiff has the following severe impairments: cervical spondylosis,

dextroscoliosis, allergic rhinitis and sinusitis, and visual loss in one eye.  *Id.*  The ALJ stated that

the listed impairments "result in more than a minimal effect on the claimant's ability to do basic

work activities."  *Id.*  At step three, the ALJ determined that Plaintiff does not have an

impairment or a combination of impairments that meet or medically equal the severity of one of

the listed impairments in 20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.925 and 416.926.

*Id.*  At step four, the ALJ determined that Plaintiff has the RFC to perform light work as defined

in 20 C.F.R. §§404.1567(b) and 416.967(b) in all jobs that accommodate for her ability to

occasionally lift and/or carry twenty pounds; frequently lift and/or carry ten pounds; stand and/or

walk for six hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday;

push and/or pull as much as she can lift and/or carry; occasionally climb ramps, stairs, ropes,

ladders, and scaffolds.  R. 24.  The ALJ found that Plaintiff has no limitations on balancing,

kneeling, stooping, crouching, and crawling; she must have only occasional exposure to dusts,

odors, fumes, gases, and poor ventilation; and she has frequent near acuity, frequent far acuity,

frequent depth perception, frequent accommodation, and frequent field of vision.  *Id.*  The ALJ

then found that Plaintiff has no past relevant work experience; was thirty-seven years old at the

time of the hearing; has at least a high school education and is able to communicate in English;

and there is no transferability of job skills at issue because there is no past relevant work.  R. 29-

30.  At step five, the ALJ determined that, considering Plaintiff's age, education, work

experience, and RFC, there are jobs that exist in significant numbers in the national economy

that Plaintiff can perform.  R. 30.  The ALJ then concluded that Plaintiff is not disabled within

the meaning of the Social Security Act.  R. 31.

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in her

favor, or in the alternative, remand this matter to the Social Security Administration for a new

administrative hearing, alleging that the ALJ erroneously assessed Plaintiff's RFC.  Pl.'s Mot. 1.

For the reasons set forth below, the Court reverses and remands the ALJ's decision.

### A.  No substantial evidence exists to support the ALJ's determination on Plaintiff's limitations.

As discussed earlier, at step four of the factor-by-factor determination, the ALJ made

multiple findings regarding Plaintiff's RFC, stating:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform light work as defined in
> 20 C.F.R. §§404.1567(b) and 416.967(b) in all jobs that accommodate for her
> ability to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10
> pounds; stand and/or walk for six hours in an eight-hour workday; sit for a total of
> 6 hours in an 8-hour workday; push and/or pull as much as she can lift and/or
> carry; occasionally climb ramps, stairs, ropes, ladders, and scaffolds.  She has no
> limitations on balancing, kneeling, stooping, crouching, and crawling; she must
> have only occasional exposure to dusts, odors, fumes, gases, and poor ventilation;
> and she has frequent near acuity, frequent far acuity, frequent depth perception,
> frequent accommodation, and frequent field of vision; occasional exposure to
> hazards such as moving mechanical parts and unprotected heights.

R. 24.  The ALJ used the same limitations at the hearing when posing hypotheticals to the

vocational expert.  R. 119-24.  However, the ALJ failed to identify any source on which he relied

to make these very specific determinations about Plaintiff's limitations, and upon the Court's review of the record, the Court is unable to locate a source that supports the ALJ's particular findings.

While this Court is required to accept the ALJ's factual findings if they are supported by substantial evidence with the application of the correct legal standard, *Craig*, 76 F.3d at 589 (citing 42 U.S.C. §§ 405(g), 13883(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)), it cannot affirm findings in the absence of substantial evidence.  In the instant case, the parties have not identified evidence in the record, nor has the Court located record evidence, to support the ALJ's findings regarding what Plaintiff is able to carry or lift, how long she is able to stand, and what her visual limitations are.  Without guidance from the ALJ about where this very specific information came from, the Court is left to speculate.  However, for the reasons discussed below, the Court does not grant Plaintiff's Motion.  Instead, the Court remands the case back to the ALJ with the specific instruction to develop the record by providing the sources on which Plaintiff's limitations in step four are based.

### B. The ALJ did not fail to include a discussion of Plaintiff's upper extremity symptoms.

Plaintiff alleges that the ALJ failed to properly assess her limitations as required under Social Security Ruling 96-8p, which requires a "function-by-function assessment of a claimant's ability to perform the physical and mental demands of work."  Pl.'s Mot. 4-5.  First, Plaintiff argues that although the ALJ determined that Plaintiff's cervical spondylosis was a severe impairment, the ALJ "failed to include any limitation related to this impairment in his [RFC] assessment" and neglected to address Plaintiff's documented left upper extremity symptoms "in any manner."  Pl.'s Mot. 6.  These symptoms include "numbness and tingling in the left hand involving the thumb and first two digits, as well as tingling sensation over her entire left hand

radiating up and down [Plaintiff's] elbow." *Id.* However, Plaintiff errs in asserting that the ALJ

failed to address these symptoms.  In his findings, the ALJ identified in Plaintiff's limitations her

"ability to occasionally lift and/or carry 20 pounds [and] frequently lift and/or carry 10 pounds."

R. 24.  The ALJ then referenced Dr. Aleem A. Iqbal's examination of Plaintiff, where Dr. Iqbal

noted Plaintiff's tingling sensation in her left hand and "weakness in her left upper extremity."

R. 27.  Further along in his analysis, the ALJ discussed the symptoms as they were reported by

Plaintiff herself.  R. 28.  Although Dr. Iqbal noted that Plaintiff "continues to be weak in her left

upper extremity," the ALJ pointed out that Plaintiff "reported no loss of strength or sensation"

from these symptoms and had identified them as a possible reaction to Cymbalta that she started

taking a few weeks prior.  *Id.* Furthermore, the ALJ reiterated Dr. Iqbal's notation that Plaintiff

refused to see a neurosurgeon regarding the sensation in her left arm.  R. 27.  The ALJ was thus

faced with contradictory information regarding Plaintiff's hand.  When persuasive contradictory

evidence exists, the ALJ, in his role as fact-finder, may disregard the physician's opinion.  *See*

*Montgomery v. Chater*, 107 F.3d 866 (Table), 1997 WL 76937, at *1 (4th Cir. Feb, 25, 1997).

The Court is "careful not to intrude on the ALJ's role as fact finder who weighs all of the

evidence and evaluates the claimant's allegations."  *Eiker v. Astrue*, 2013 WL 2149755, at *4 (D.

Md. May 15, 2013).

        After considering the evidence, the ALJ determined that the alleged symptoms could

have reasonably been caused by Plaintiff's "medically determinable impairments," but Plaintiff's

"statements concerning the intensity, persistence and limiting effects of these symptoms are not

entirely credible[.]"  R. 28.  The ALJ discussed some of the contradictions between Plaintiff's

assertions of extreme limitations and her statements regarding her daily living activities, as well

as the fact that no physician had placed Plaintiff on any work restrictions.  R. 27-28.

8

Specifically, the ALJ noted that while Plaintiff states that she is unable to bend, she can perform several postural activities without difficulty: "she is able to use the toilet unaided," she can prepare meals, wash dishes, mop floors, and take out the trash without assistance. *Id.* Plaintiff does not challenge the ALJ's credibility finding, and the Court will not undertake a separate credibility determination or reweigh conflicting evidence. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

### C. The ALJ did not fail to discuss Plaintiff's limitations regarding her back and neck.

Next, Plaintiff argues that, in the RFC assessment, the ALJ failed to include Plaintiff's limitations of range of motion of the cervical and lumbar spines and Plaintiff's difficulty with prolonged standing. Pl. Mot. at 7. Plaintiff opines that the ALJ did not include any restrictions associated with these limitations even though he specifically rejected the opinion of a State Agency physician for not taking into account medical records documenting the same conditions. *Id.* The Court disagrees with Plaintiff. In the RFC discussion, the ALJ explicitly notes that Plaintiff "does have some limitations due to her impairment, which limit her to light work with *postural limitations*, which takes into account some of [Plaintiff's] testimony as well as the objective medical record." R. 27. Considering the evidence in the record, the ALJ incorporated Plaintiff's work-related limitations during the period at issue and determined that Plaintiff could perform less than a full range of light exertional work. R. 24.

Furthermore, as Plaintiff also notes, the ALJ rejected the findings of a State Agency physician who "failed to take into account additional medical evidence . . . [regarding Plaintiff's] limited range of motion in her back and neck and the difficulty with prolonged standing." R. 28.

The April 20, 2006, decision on Plainitiff's disability status had incorporated the State Agency physician's findings and found Plaintiff to be capable of work at the medium exertional level. *Id.* This time, the ALJ found that Plaintiff could perform only light exertional work, thus making a more favorable determination than the prior decision. *Id.* The ALJ's discussion of rejecting the State Agency physician's testimony only goes to show that the ALJ did in fact consider Plaintiff's back and neck limitations while going through her RFC assessment. Nevertheless, "[f]ailing to adopt all limitations also does not indicate that those limitations were not considered." *Wilkerson v. Colvin*, 2014 WL 1954917, at *9 (D. Md. May 14, 2014) (citing *Nicolls v. Astrue,* 874 F. Supp. 2d 785, 802 (N.D. Iowa 2012)) (internal citations omitted). There is no error if an ALJ fails to include every limitation in his RFC assessment. *Id.* (citing also *McCoy v. Astrue,* 648 F.3d 605, 615 (8th Cir. 2011) ("[W]e do not require an ALJ to mechanically list and reject every possible limitation.")).

### D.  The ALJ did not fail to adequately support the RFC determination regarding Plaintiff's visual limitations.

Lastly, Plaintiff contends that the ALJ failed to provide adequate explanation to support the RFC assessment with respect to Plaintiff's visual limitations. *Id.* Upon review, the Court finds that the ALJ's RFC determination regarding Plaintiff's visual limitation was supported by substantial evidence. At step two of the sequential evaluation process, the ALJ found Plaintiff's visual loss in one eye to be a "severe impairment," explaining that the impairment "result[s] in more than a minimal effect on the [Plaintiff]'s ability to do basic work activities." R. 23. However, severe impairment finding at Step 2 does not necessarily "require a limitation on a claimant's ability to perform basic work activities." *Gibson v. Colvin*, 2015 WL 5315765, at *7 (D. Md. Sept. 9, 2015) (citing *Burkstrand v. Astrue,* 346 F. App'x 177, 180 (9th Cir. 2009)). Based on the evidence before him, the ALJ determined that Plaintiff "has the residual functional

capacity to perform light work" that required no more than "frequent near acuity, frequent far

acuity, frequent depth perception, frequent accommodation, and frequent field of vision[.]"  R.

24.

In his discussion, the ALJ noted that even with her eye impairment, Plaintiff "has

maintained a license to drive prior to and after her alleged onset date."  R. 28.  Plaintiff offered

no evidence that her vision is a hindrance in performing particular activities.  R. 27.  Plaintiff,

however, argues that because the term "frequent" is defined as "occurring from one-third to two-

thirds of the time," SSR 83-10, 1983 WL 31251 at *6 (S.S.A.), the ALJ should have explained

"how the Plaintiff would be capable of performing substantial gainful activity if she only had

near acuity, far acuity, depth perception, and field of vision from one-third to two-thirds of a

work day."  In his decision, the ALJ explained that he used the testimony of the vocational

expert to "determine the extent to which [Plaintiff's] limitations erode the unskilled light

occupational base" and "whether jobs exist in the national economy for an individual with

claimant's age, education, work experience, and residual functional capacity."  R. 30.  At the

hearing, the vocational expert gave examples of three different types of occupations that could be

performed by someone in Plaintiff's position, meaning unskilled, yet substantially gainful, work

is available for an individual with frequent near acuity, far acuity, depth perception, and field of

vision.  R. 119-21.  In his decision, the ALJ confirms that he considered this:

> The undersigned notes that even when the undersigned incorporated limitations
> stemming from the claimant's visual impairment, the vocational expert testified
> that the claimant would still be able to perform all of the jobs noted in the same
> significant numbers.

R. 31.  Plaintiff cites no case law that requires an ALJ to explain how a claimant can perform a

job with her limitations once the ALJ has determined that a certain level of work *can* be

performed with those limitations.  R. 24, 30.

For the reasons previously stated, the Court must remand the case back to the ALJ so that he can provide, on the record, the source he used to determine Plaintiff's RFC, and particularly, Plaintiff's "frequent near acuity, frequent far acuity, frequent depth perception, frequent accommodation, and frequent field of vision[.]"  R. 24.

## IV.    Conclusion

Based on the foregoing, the Court **REVERSES** and **REMANDS** with instruction for the ALJ to supply, on the record, the source of his particular findings.

October 13, 2016

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/xl